Name: Fernando Gastelum
Address: 209 W. 9th Street, Casa Grande, AZ 85122
Telephone Number: Number: 520-560-0927
Email: fernandog8899@gmail.com

**FILED**
Jun 10 2024
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY    s/ STN    DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

FERNANDO GASTELUM,

Plaintiff,

vs.

NORDSTROM, INC.

Defendant.

Case No.: **'24CV1018 WQHDDL**

**VERIFIED COMPLAINT FOR:**

1. Violation of the ADA
2. Violation of Unruh Civil Rights Act
3. Violation Of The Disabled Persons Act
4. Malice and Oppression

## I.
## PARTIES

**A. Plaintiff.**

1. Plaintiff is a senior citizen with physical disabilities.

2. Plaintiff is missing a leg.

3. Plaintiff is an ADA Tester.

4. Plaintiff lives in Casa Grande, Arizona, with his extended family:



1

5. Since 2015, Plaintiff has been using a wheelchair for mobility in locations that are designed for wheelchair use:

6. Plaintiff's missing leg is a physical impairment that substantially limits one or more major life activities like walking, reaching, pushing and other musculoskeletal activities that are normally associated with missing lower limbs.

**B. Defendant Nordstrom Is The "Public Accommodation" Against Whom Remedies Are Sought**

7. Nordstrom is a *public accommodation* that owns and/or operates 363± *places* of public accommodation doing business as Nordstrom, Nordstrom Rack and others, many of which are located in California.

**C. Nordstrom and Nordstrom Rack are "*Places* of Public accommodation" Owned and Operated by Nordstrom Inc.**

8. Nordstrom Stores referenced in Table 1 below are *places* of public accommodation, not *public accommodations* themselves; therefore, the remedies sought are not

2

limited to the Stores as *places* of public accommodation, but are directed to Nordstrom as *the* public accommodation.

## II
## FEDERAL QUESTION, SUPPLEMENTAL AND DIVERSITY JURISDICTION

9. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

10. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

11. The Court has discretionary supplemental jurisdiction over allegations of Unruh Civil Rights Act claim relative to architectural barriers, but, to the best of Plaintiff's understanding, the Court has supplemental jurisdiction over non-architectural Unruh policy violations.

12. This Court also has diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 based on:
    A. Plaintiff is a citizen of the state of Arizona; and
    B. Defendant is a citizen of the State of Washington; and
    C. The amount in controversy, including (1) cost of compliance with injunctive relief, (2) statutory damages, and (3) attorney's fees, all of which, to the best of Plaintiff's estimate, greatly exceed the statutory threshold of $75,000.00.

13. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

## III
## FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

14. Plaintiff has visited and shopped at numerous Nordstrom Stores in the past.
15. On the dates specified in Table 1 below, Plintiff visited and conducted business at the following Nordstrom *places* of public accommodation:

3

| NAME | LOCATION | DATE(S) |
|---|---|---|
| Nordstrom on Friars | 6997 Friars Rd. San Diego, CA 92108 | 4/22/24 |
| Nordstrom Rack on Las Posas | 173 South Las Posas Rd San Marcos, CA 92069 | 4/22/24 |
| Nordstrom Rack on Camino del Rio | 1640 Camino Del Rio North San Diego, CA 92108 | 4/22/24 |
| Nordstrom Rack on Villa La Jolla | 8875 Villa La Jolla Dr. La Jolla, CA 92037 | 4/22/24 |
| Nordstrom Rack on Carmel | 11940 Carmel Mtn Rd. Ste 100 San Diego, CA 92128 | 4/22/24 |
| Nordstrom Rack on Plaza Bonita | 3010 Plaza Bonita Rd. National City, CA 91950 | 4/23/24 |

Table 1

16. Plaintiff visited each store and conducted business there on or about the date in Column 3. The individual stores are hereafter referred by the name in column 1 with the address disclosed in column 2 and the date(s) of visit(s) in column 3.

17. At each location, Plaintiff used his wheelchair for mobility.

**A. Plaintiff was denied full and equal enjoyment at Nordstrom on Friars**

18. Plaintiff conducted business at Nordstrom on Friars on April 22, 2024.

19. During his visit, Plaintiff encountered the following barriers to accessibility that denied him full and equal access:

   A. Clear width of accessible routes was less than 36" between displays of merchandise. This condition made it more difficult for Plaintiff to maneuver his wheelchair between displays of merchandise. This condition violates accessibility standards at 403.5.1.

   B. There were numerous protruding objects that reduced the clear width of accessible routes between rows of merchandising displays. This condition made it more difficult for Plaintiff to maneuver his wheelchair between displays of merchandise. This condition violates accessibility standards at 307.5.

   C. The restroom door required the push-pull force greater than 5 lbs. This condition made it more difficult for Plaintiff to open the door from his

wheelchair sitting position. This condition violates accessibility standards at 309.4.2.

D. The fitting room bench did not provide a back support and it was not fixed to the wall. This condition makes the use of the fitting room bench more difficult to Plaintiff. This condition violates accessibility standards at 903.3 (size) and 903.4 (back support).

B. **Plaintiff was denied full and equal enjoyment at Nordstrom Rack on Las Posas**

20. Plaintiff conducted business at Nordstrom Rack on Las Posas on April 22, 2024.
21. During his visit, Plaintiff encountered the following barriers to accessibility that denied him full and equal access:

   A. Clear width of accessible routes was less than 36" between displays of merchandise. This condition made it more difficult for Plaintiff to maneuver his wheelchair between displays of merchandise. This condition violates accessibility standards at 403.5.1.

   B. There were numerous protruding objects that reduced the clear width of accessible routes between rows of merchandising displays. This condition made it more difficult for Plaintiff to maneuver his wheelchair between displays of merchandise. This condition violates accessibility standards at 307.5.

   C. The restroom door required the push-pull force greater than 5 lbs. This condition made it more difficult for Plaintiff to open the door from his wheelchair sitting position. This condition violates accessibility standards at 309.4.2.

   D. There are exposed pipes under the sink in the bathroom. This condition makes it more difficult for Plaintiff to use the sink without touching the surface of the pipes. This condition violates accessibility standards at 606.5.

C. **Plaintiff was denied full and equal enjoyment at Nordstrom Rack on Camino del Rio**

22. Plaintiff conducted business at Nordstrom Rack on Camino del Rio on April 22, 2024.

5

23. During his visit, Plaintiff encountered the following barriers to accessibility that denied him full and equal access:
    A. Clear width of accessible routes was less than 36" between displays of merchandise. This condition made it more difficult for Plaintiff to maneuver his wheelchair between displays of merchandise. This condition violates accessibility standards at 403.5.1.
    B. There were numerous protruding objects that reduced the clear width of accessible routes between rows of merchandising displays. This condition made it more difficult for Plaintiff to maneuver his wheelchair between displays of merchandise. This condition violates accessibility standards at 307.5.
    C. The restroom door required the push-pull force greater than 5 lbs. This condition made it more difficult for Plaintiff to open the door from his wheelchair sitting position. This condition violates accessibility standards at 309.4.2.

D. **Plaintiff was denied full and equal enjoyment at Nordstrom Rack on Villa La Jolla**

24. Plaintiff conducted business at Nordstrom Rack on Villa la Jolla on April 22, 2024.
25. During his visit, Plaintiff encountered the following barriers to accessibility that denied him full and equal access:
    A. Clear width of accessible routes was less than 36" between displays of merchandise. This condition made it more difficult for Plaintiff to maneuver his wheelchair between displays of merchandise. This condition violates accessibility standards at 403.5.1.
    B. There were numerous protruding objects that reduced the clear width of accessible routes between rows of merchandising displays. This condition made it more difficult for Plaintiff to maneuver his wheelchair between displays of merchandise. This condition violates accessibility standards at 307.5.

  C. The restroom door required the push-pull force greater than 5 lbs. This condition made it more difficult for Plaintiff to open the door from his wheelchair sitting position. This condition violates accessibility standards at 309.4.2.

E. **Plaintiff was denied full and equal enjoyment at Nordstrom Rack on Carmel**

26. Plaintiff conducted business at Nordstrom Rack on Carmel on April 22, 2024.
27. During his visit, Plaintiff encountered the following barriers to accessibility that denied him full and equal access:
    A. Clear width of accessible routes was less than 36" between displays of merchandise. This condition made it more difficult for Plaintiff to maneuver his wheelchair between displays of merchandise. This condition violates accessibility standards at 403.5.1.
    B. There were numerous protruding objects that reduced the clear width of accessible routes between rows of merchandising displays. This condition made it more difficult for Plaintiff to maneuver his wheelchair between displays of merchandise. This condition violates accessibility standards at 307.5.
    C. The restroom door required the push-pull force greater than 5 lbs. This condition made it more difficult for Plaintiff to open the door from his wheelchair sitting position. This condition violates accessibility standards at 309.4.2.

F. **Plaintiff was denied full and equal enjoyment at Nordstrom Rack on Plaza Bonita on April 23, 2024**

28. Plaintiff conducted business at Nordstrom Rack on Plaza Bonita on April 23, 2024.
29. During his visit, Plaintiff encountered the following barriers to accessibility that denied him full and equal access:
    A. Clear width of accessible routes was less than 36" between displays of merchandise. This condition made it more difficult for Plaintiff to maneuver his wheelchair between displays of merchandise. This condition violates accessibility standards at 403.5.1.

7

  B. There were numerous protruding objects that reduced the clear width of accessible routes between rows of merchandising displays. This condition made it more difficult for Plaintiff to maneuver his wheelchair between displays of merchandise. This condition violates accessibility standards at 307.5.

  C. The restroom door required the push-pull force greater than 5 lbs. This condition made it more difficult for Plaintiff to open the door from his wheelchair sitting position. This condition violates accessibility standards at 309.4.2.

30. Remediation of barriers listed above is readily achievable.

31. Plaintiff has specific intent to return to each of the Stores referenced in Table 1 above once he has determined that the Stores are ADA and Unruh compliant.

32. Plaintiff is otherwise deterred from conducting business at Nordstrom Stores in Table 1, or any other store owned or operated by Nordstrom because Nordstrom, as the public accommodation, has failed to comply with the non-discriminatory provisions of the ADA.

## IV CLAIMS

### Count One - Violations Of The ADA
i. U.S.C. § 12101, et seq.)

33. Plaintiff realleges all allegations elsewhere in this Verified Complaint.

34. Each store visited where Plaintiff conducted business displayed Nordstrom's failure to abide by the primary anti-discrimination directive of 42 U.S.C. §12182 in the following non-exclusive particulars:

  i. Nordstrom is utilizing standards, criteria or methods of administration that have the effect of discriminating on the basis of Plaintiff's disabilities; and

  ii. Nordstrom's failed to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities; and

8

iii. Nordstrom failed to remove architectural barriers where such removal was readily achievable.

35. Nordstrom employs a discriminatory policy and/or practice of positioning its merchandise in a manner that prevents Plaintiff access to such merchandise.

36. Nordstrom discriminated against Plaintiff on the basis of his disability by failing to make reasonable modifications that were necessary to accommodate Plaintiff's disability.

37. Plaintiff is continuously attempting to find a Nordstrom Rack stores that would grant him full and equal enjoyment of the shopping experience, but has not found one so far.

38. Based on the fact that Plaintiff has visited numerous stores referenced in Table 1, and was denied full and equal access at each of them by their narrowing of spaces between rows and clutters of merchandise, he has reasonable grounds to believe that he is about to be subjected to discrimination in violation of the ADA at any Nordstrom Rack store.

39. Plaintiff is not required to engage in a futile gesture of visiting each and every Nordstrom Rack store to experience discrimination because he has actual notice that Nordstrom has no intention of complying with the ADA.

40. Plaintiff is deterred from visiting any Nordstrom store.

WHEREFORE, Plaintiff requests relief as follows:

A. Declaration that at the commencement of this action Nordstrom was in violation of the specific disability laws detailed above; and

B. Order Nordstrom to:

   i. Cease and desist from utilizing standards, criteria or methods of administration that have the effect of discriminating on the basis of Plaintiff's disabilities; and

   ii. Make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to Plaintiff; and

   iii. Remove architectural barriers at all its stores where such removal was readily achievable.

9

C. For costs and expenses and lawyer's fees should Plaintiff hire a lawyer; and

D. The provision of whatever other relief the Court deems just, equitable and appropriate.

### Count Two - Violation Of The Unruh Civil Rights Act
(Cal. Civ. Code § 51-53.)

41. Plaintiff realleges all allegations elsewhere in this Complaint.

42. The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code §51(b). Unruh Act also provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code, § 51(f).

43. Nordstrom violated the Unruh Act by denying Plaintiff's rights to full and equal access.

44. Defendant's violation of the Unruh Act makes it responsible for statutory civil penalty. (Civ. Code § 55.56(a)-(c).)

WHEREFORE, Plaintiff requests relief as follows:

A. Declaration that at the commencement of this action Nordstrom was in violation of the specific requirements of disability laws detailed above; and

B. Order that Nordstrom remediate each and every inaccessible element, policy and procedure in the stores that are subject of this Verified Complaint; and

C. For damages in an amount no less than $4,000.00 per Unruh violation per encounter as alleged above; and

D. For treble damages pursuant to Cal. Civ. Code §3345(b); and

E. For punitive damages as more fully alleged below; and

F. For costs and expenses and lawyer's fees should Plaintiff hire a lawyer; and

G. The provision of whatever other relief the Court deems just, equitable and appropriate.

10

## Count Three - Violation Of The Disabled Persons Act
(Cal. Civ. Code §§54-54.3)

45. Plaintiff realleges all allegations elsewhere in this Complaint

46. Nordstrom violated the DPA by denying Plaintiff equal access to its public accommodation on the basis of his age and disability as outlined above.

47. The DPA provides for monetary relief to "aggrieved persons" who suffer from discrimination on the basis of their disability.

48. Plaintiff has been aggrieved by Nordstrom's non-compliance with accessibility laws.

49. Pursuant to the DPA, Plaintiff is further entitled to such other relief as the Court considers appropriate, including monetary damages in an amount to be proven at trial, but in no event less than $1,000.00. Cal. Civ. Code § 54.3.

50. Pursuant to the DPA, Plaintiff is entitled to costs in an amount to be proven at trial. Cal. Civ. Code § 54.3.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

   A. Declaratory Judgment that at the commencement of this action Nordstrom was in violation of the specific requirements of the DPA; and

   B. For damages in an amount no less than $1,000.00 per violation per encounter; and

   C. For costs and expenses and lawyer's fees should Plaintiff hire a lawyer; and

   D. For punitive damages as alleged below; and

   E. The provision of whatever other relief the Court deems just, equitable and appropriate.

## V
## NORDSTROM'S MALICE AND OPPRESSION OF PLAINTIFF SUPPLEMENTING ALL STATE LAW CLAIMS
(Civ. Code Article 3, §3294)

51. Plaintiff realleges all allegations elsewhere in this Verified Complaint.

52. Nordstrom intentionally narrows the accessible routes between displays of merchandise to maximize the selling space and increase profits.

11

53. By its continuing and unrelenting discrimination against people with disabilities, including Plaintiff, Nordstrom is and has been guilty of oppression and malice.
54. Nordstrom's malice and oppression of people with disabilities are intentional, premeditated, and specifically designed as a marketing strategy.
55. "Malice" includes "despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others", including Plaintiff.
56. "Oppression" means despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights.
57. "Despicable conduct" has been described as conduct that is "so vile, base, contemptible, miserable, wretched or loathsome that it would be looked down upon and despised by ordinary decent people." (*Lackner v. North* (2006) 135 Cal.App.4th 1188, 1210.)
58. Plaintiff alleges that intentional segregation and discrimination of the type alleged here, and indeed any segregation and discrimination against any member of a protective class, is malicious and oppressive as a matter of law.
59. In addition to the actual damages, Plaintiff seeks the following relief:
    A. Imposition of damages for the sake of example and by way of punishing Nordstrom in an amount sufficient to deter, make example of, and punish Nordstrom in the form of punitive damages; and
    B. Disgorgement of ill-gotten profits realized through intentional discrimination.

### REQUEST FOR TRIAL BY JURY

Plaintiff requests a trial by a jury on issues triable by a jury.

### VERIFICATION

Plaintiff verifies under the penalty of perjury that the above statements of fact are true and correct to the best of his knowledge, information, memory or belief.

RESPECTFULLY SUBMITTED this 7TH day of June, 2024

Fernando Gastelum
Pro Se